1  DAN SIEGEL, SBN 56400
2  EMILYROSE JOHNS, SBN 294319
   SIEGEL, YEE, BRUNNER & MEHTA
3  475 14th Street, Suite 500
   Oakland, California 94612
4  Telephone: (510) 839-1200
5  Facsimile: (510) 444-6698

6  Attorneys for Plaintiffs
   R.N. DEWBERRY, also known as
7  SITAWA NANTAMBU JAMAA,
   DANNY TROXELL, GABRIEL REYES,
8  PAUL A. REDD JR., SALVADOR PEREZ,
   ANTONIO GUILLEN, ARTURO CASTELLANOS,
9  TODD ASHKER, LUIS ESQUIVEL, and
10 ANNE BUTTERFIELD WEILLS

11

12              UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15 R.N. DEWBERRY, also known as SITAWA )  Case No. 4:19-cv-01144-SBA
16 NANTAMBU JAMAA, DANNY TROXELL,      )
   GABRIEL REYES, PAUL A. REDD JR.,    )  **PLAINTIFFS' OPPOSITION TO**
17 SALVADOR PEREZ, ANTONIO             )  **DEFENDANTS' MOTION TO**
   GUILLEN, ARTURO CASTELLANOS,        )  **DISMISS**
18 TODD ASHKER, LUIS ESQUIVEL and      )
19 ANNE BUTTERFIELD WEILLS,            )
                                       )  **Hearing:** October 9, 2019
20          Plaintiffs,                )  **Time:** 2 a.m.
                                       )  **Courtroom:** TBD
21     vs.                             )
                                       )  **Hon. Saundra Brown Armstrong**
22                                     )
23 RALPH DIAZ, Acting Secretary, State of )
   California, Department of Corrections and ) Case Filed: March 1, 2019
24 Rehabilitation (CDCR); SCOTT KERNAN, )
   Former Secretary, CDCR; and KATHLEEN )
25 ALLISON, Acting Secretary of Operations, )
   CDCR,                               )
26                                     )
27          Defendants.                )

28

---

*Dewberry v. Diaz,* No. 4:19-cv-01144-SBA
Plaintiffs' Opposition to Defendants' Motion to Dismiss

**Table of Contents**

                                                                                                **Page**

INTRODUCTION..................................................................................................1

ARGUMENT........................................................................................................2

I.     Plaintiffs' Well-Pleaded Complaint Contains Sufficient Factual Allegations to State Claims Upon which Relief can be Granted................................................2

        A.     Prisoners have a Constitutional Right to Counsel in Civil Matters.............3

        B.     Attorneys have a Corresponding Right to Represent Prisoners in Civil Matters.................................................................................4

II.    Plaintiff Weills Pleads Sufficient Facts to State a First Amendment Claim...........5

III.   It was Clearly Established well before 2017 that Plaintiffs' Rights to Access Courts Could not be Arbitrarily Denied and that Plaintiff Weills' had a First Amendment Right to be Free from Retaliation for Protected Activity..................................................................................7

IV.   Should the Court Determine that Plaintiffs do not Plead Sufficient Facts to State a Claim for Relief, Plaintiffs Should be Granted Leave to Amend their Complaint...........................................................................9

CONCLUSION...................................................................................................10

# Table of Authorities

**FEDERAL CASES**                                                           **Page(s)**

*Alvarez v. Hill,*
    518 F.3d 1152 (9th Cir.2008)..................................................................................2

*Arizona Students' Ass'n v. Arizona Bd. of Regents,*
    824 F.3d 858 (9th Cir. 2016)..............................................................................5, 6

*Ashker v. Brown,*
    Case No. 4:09-cv-05796-CW...........................................................................*passim*

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................2, 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...............................................................................................2

*Bounds v. Smith,*
    430 U.S. 817 (1977) ............................................................................................2, 8

*Ching v. Lewis,*
    895 F.2d 608 (9th Cir. 1990) .................................................................................3

*Ex parte Hull,*
    312 U.S. 546 (1941) ................................................................................................4

*Fontana v. Haskin,*
    262 F.3d 871 (9th Cir. 2001) .................................................................................2

*Gibson v. United States,*
    781 F.2d 1334 (9th Cir. 1986) ...............................................................................9

*Harris v. Maloughney,*
    827 F.Supp. 1488 (D. Montana 1993) .................................................................4

*Hartman v. Moore,*
    547 U.S. 250 (2006) ..............................................................................................6

*Hospital Bldg. Co. v. Rex Hospital Trustees,*
    425 U.S. 738 (1976) ...............................................................................................2

*Hydrick v. Hunter,*
    669 F.3d 937 (9th Cir. 2012) .................................................................................8

*Ileto v. Glock Inc.,*
    349 F.3d 1191 (9th Cir. 2003) ...............................................................................3

*Jenkins v. McKeithen,*
    395 U.S. 411 (1969) ............................................................................................3

*Keker v. Procunier,*
    398 F.Supp. 756 (E.D. Cal. 1975) ...................................................................4, 8

*Lassiter v. Dep't of Soc. Servs.,*
    452 U.S. 18 (1981) ..............................................................................................3

*Lewis v. Casey,*
    518 U.S. 343 (1996) .......................................................................................4, 8

*Massey v. Wheeler,*
    221 F.3d 1030 (7th Cir. 2000) ...........................................................................5

*Mendocino Envtl. Ctr. v. Mendocino Cty.,*
    192 F.3d 1283 (9th Cir. 1999) ...........................................................................6

*Mitchell v. Forsyth,*
    472 U.S. 511 (1985) ............................................................................................8

*O'Brien v. Welty,*
    818 F.3d 920 (9th Cir. 2016) .............................................................................6

*Osollo v. Darling-Hammond,*
    2016 WL 7911914 (C.D. Cal. 2016) ...................................................................5

*Perry v. Sindermann,*
    408 U.S. 593 (1972) ...........................................................................................9

*Pinard v. Clatskanie Sch. Dist. 6J,*
    467 F.3d 755 (9th Cir. 2006) .............................................................................6

*Procunier v. Martinez,*
    416 U.S. 396 (1974) .......................................................................................3, 4

*Sagana v. Tenorio,*
    384 F.3d 731 (9th Cir.2004) ..............................................................................2

*Silva v. Di Vittorio,*
    658 F.3d 1090 (9th Cir. 2011) ...........................................................................3

*Sturm v. Clark,*
    835 F.2d 1009 (3d Cir. 1987) ............................................................................9

*Thornburgh v. Abbott,*
    490 U.S. 401 (1989) ..................................................................................3, 5, 8

*Yagman v. Garcetti*,
   852 F.3d 859 (9th Cir. 2017) ..................................................................................9

**STATE CASES**
*County of Nevada v. Superior Court*,
   236 Cal.App.4th 1001 (2015) ................................................................................4

**SUPPLEMENTAL AUTHORITIES**
Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit,
2017 Edition (Last Updated Apr. 2019)..................................................................7

# INTRODUCTION

Plaintiff Anne Weills is a successful prisoners' rights attorney who represented Plaintiffs R.N. Dewberry, Danny Troxell, Gabriel Reyes, Paul A. Redd Jr., Todd Ashker and Luis Esquivel in the landmark case ending California's use of indefinite solitary confinement, *Ashker v. Brown,* Case No. 4:09-cv-05796-CW. Plaintiff Weills played an integral role in the litigation, primarily responsible for maintaining the necessary client relationships with many plaintiffs and class members throughout the years of the case, including plaintiffs Salvador Perez, Antonio Guillen, and Arturo Castellanos.

On July 5, 2017, the former California Department of Corrections and Rehabilitation ("CDCR") Acting Secretary of Operations, Kathleen Allison, upheld by former Secretary Scott Kernan and then by current Secretary Ralph Diaz, imposed a lifetime communications ban ("lifetime ban") on Weills. CDCR did not provide Weills with any evidence supporting the purported reason for her lifetime ban. Further, she was punished harshly, where other attorneys against whom similar accusations had been made were not issued lifetime bans. The lifetime ban prevents plaintiff Weills from confidentially communicating with prisoners in California and effectively ends her ability to practice in her chosen specialty.

Defendants filed their motion to dismiss plaintiffs' complaint on July 19, 2019. (ECF No 22.) Defendants do not argue that plaintiffs fail to plead sufficient facts to state a claim. Rather, they largely argue that plaintiffs do not have rights secured by the Constitution that have been violated by plaintiff Weills' lifetime ban. Specifically, defendants argue that:

1) Plaintiffs do not have a Sixth Amendment and Fourteenth Amendment right to counsel;
2) Defendants had a non-retaliatory reason for punishing plaintiff Weills; and
3) Defendants are entitled to qualified immunity because plaintiffs have no constitutional rights infringed by defendants.

In their Opposition, plaintiffs will show:

*Dewberry v. Diaz,* No. 4:19-cv-01144-SBA
Plaintiffs' Opposition to Defendants' Motion to Dismiss - 1

1) Plaintiffs have constitutional rights that defendants' actions have violated and they plead sufficient facts to advance their legal theories;

2) Plaintiff Weills' allegations regarding First Amendment retaliation state a claim upon which relief can be granted; and

3) Defendants' actions violated plaintiffs' clearly established rights, and they are not entitled to qualified immunity.

## ARGUMENT

**I.   Plaintiffs' Well-Pleaded Complaint Contains Sufficient Factual Allegations to State Claims Upon which Relief can be Granted.**

At the pleading stage, plaintiffs need only allege in their complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

"Plaintiffs are not required to allege legal theories [in their complaint]." *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001). *See also Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir.2008) (A "complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss."); *Sagana v. Tenorio*, 384 F.3d 731, 737 (9th Cir.2004) ("We long ago rejected the argument that a specific statute must be named, describing it as an attempt to evoke wholly out-moded technical pleading rules.") (internal citations and quotations omitted)).[1]

At the pleading stage, the Court must take plaintiffs' allegations as true and construe the pleadings in the light most favorable to them. *Hospital Bldg. Co. v. Rex*

---

[1] In their complaint, plaintiffs cite the Sixth and Fourteenth Amendments as the basis for their claims. The constitutional right is perhaps better stated as a right secured by the First and Fourteenth Amendments. *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). However, this does not mean plaintiffs' complaint should be dismissed. If plaintiffs erred in identifying the Sixth Amendment instead of the First Amendment, it is not fatal to their complaint as long as the factual allegations support a legal theory. *Alvarez*, 518 F.3d at 1157.

*Hospital Trustees*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969). The court must also accept all reasonable inferences in plaintiffs' favor. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

Plaintiffs' complaint contains sufficient factual content to allow the court to draw the reasonable inference that defendants violated their constitutional rights.

### A.   Prisoners have a Constitutional Right to Counsel in Civil Matters.

Defendants take the extreme position that prisoners do not have a right secured by the Constitution to legal counsel in civil cases. (Defendants Motion to Dismiss Plaintiffs' Complaint, ECF No. 22, ("MTD"), at 6:17-18.) Defendants cite *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18 (1981) to support their theory. However, *Lassiter* establishes only that where physical liberty is not at stake, a plaintiff in a civil matter does not have the right to *appointed* counsel at the government's expense. 452 U.S. at 25. It does not, as defendants imply, stand for the proposition that plaintiffs have no right under the United States Constitution to counsel of their choice in civil matters, acquired at their own expense.

Prisoners have a constitutional right to access the courts, and the right forbids unreasonable interference with a prisoner's ability to litigate her civil rights case. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). It includes, among other things, the right to visitation with counsel. *Ching v. Lewis*, 895 F.2d 608, 610 (9th Cir. 1990). The Supreme Court has a long history of carefully safeguarding the rights of prisoners to legal access. The Court has recognized that "[a]ccess is essential to lawyers and legal assistants representing prisoner clients. . . ." *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989), *citing Procunier v. Martinez*, 416 U.S. 396, 421-22 (1974) (striking down California Department of Corrections regulation banning legal assistants from interviewing prisoner clients on behalf of attorneys, concluding that the regulation impermissibly burdened prisoners' right of access to the courts).

The Court's decision in *Procunier* rested upon its analysis of prisoners' rights:

> The constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the court . . . to seek redress for violations of their constitutional rights. This means that inmates must have a reasonable opportunity to seek and receive the assistance of attorneys. Regulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid.

*Procunier,* 416 U.S. at 417, *citing Ex parte Hull,* 312 U.S. 546 (1941); *Harris v. Maloughney,* 827 F.Supp. 1488 (D. Montana 1993) ("Prison officials' practices which obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid absent legitimate penological interests."); *County of Nevada v. Superior Court*, 236 Cal.App.4th 1001, 1008 (2015) (ordering contact visits despite jail's assertion of safety and security concerns, holding: "Policies and practices that unjustifiably obstruct the right to assistance of counsel are invalid. [citations omitted] Unjustified restrictions on contact visits implicate due process and are a proper subject of concern for the courts."). Where defendants interfere with a prisoners' right to access the courts, they must have legitimate penological justification for doing so. *Lewis v. Casey*, 518 U.S. 343, 361 (1996).

The prisoner plaintiffs' right to the assistance of plaintiff Weills is protected by the United States Constitution. In their complaint, prisoner plaintiffs allege that the actions taken by defendants in banning plaintiff Weills from confidential communication with them and other prisoners has interfered with their ability to access the courts, including their ability to initiate litigation. (Complaint, (ECF No. 1), at ¶ 36.) Additionally, the complaint alleges facts implying that there was no legitimate penological justification for the ban. (Complaint at ¶¶ 34, 39.)

**B.    Attorneys have a Corresponding Right to Represent Prisoners in Civil Matters.**

Attorneys also have a due process right to practice their profession without undue governmental interference. *See Keker v. Procunier*, 398 F.Supp. 756, 760, 765 (E.D. Cal. 1975) (recognizing Fourteenth Amendment right for counsel to engage in their occupation while "protected from state deprivation or undue interference," which is the

"mirror image" of the client's right to effective counsel, whereby "the vindication of one is consequently dependent on the vindication of the other"). Deprivation of the right to practice, without adequate notice and process, violates the Constitution. *Cf. Osollo v. Darling-Hammond*, 2016 WL 7911914 (C.D. Cal. 2016) (recognizing deprivation of liberty interest in practicing profession through false accusations of misconduct). Communication with prisoner clients also is protected by the First Amendment, and limits may apply subject only to legitimate penological interests. *See Thornburgh*, 490 U.S. 401, 407-08; *Massey v. Wheeler*, 221 F.3d 1030, 1036 (7th Cir. 2000).

As plaintiff Weills alleges, defendants denied her meaningful process before issuing a lifetime ban that prevents her from communicating with her clients and that ostensibly ended her ability to practice her chosen specialty in her chosen profession. (Complaint at ¶¶ 19-35, 37.) With these allegations, plaintiff Weills had pled sufficient facts to proceed with her claim that defendants' actions violated her constitutional rights.

**II.   Plaintiff Weills Pleads Sufficient Facts to State a First Amendment Claim.**

Defendants' argument attempts to litigate Ms. Weills' First Amendment claim at the pleading stage. Rather than argue that Ms. Weills has not pled facts sufficient to state a claim, defendants offer their purported defense—that their motivations were not retaliatory. (MTD at 7:24-8:7.) However, at the pleading stage, plaintiff Weills need only allege facts sufficient to state a claim on which relief can be granted. *Iqbal*, 556 U.S. at 678. Defendants' attempt to defend themselves at the pleading stage falls flat.

"To bring a First Amendment retaliation claim, the plaintiff must allege that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct— i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (internal quotations omitted).

Defendants do not argue that plaintiff Weills failed to allege facts as to the first two elements. Indeed they could not because plaintiffs' complaint includes all of the necessary elements to proceed with her claim. The complaint alleges that plaintiff Weills was engaged in constitutionally activity, namely that she was integral in litigation that ended indefinite solitary confinement in California and that she was "an outspoken, public opponent of CDCR's policies and practices regarding solitary confinement." (Complaint at ¶¶ 15-18.) The complaint alleges that defendants' actions would chill a person of ordinary firmness from continuing to engage in such litigation and criticism because they subjected Ms. Weills to an investigation for which they refused to furnish any evidence and then punished her severely, indeed more severely than others against whom defendants had made similar allegations. (Complaint at ¶¶ 34, 38, 39.) Such a severe punishment means that Ms. Weills may not practice in her chosen specialty. (Complaint at ¶ 37.)

Rather, defendant appears to argue that plaintiff Weills has not "established" retaliatory intent. (MTD at 7:16-8:2.) This is misguided as plaintiff Weills need not prove anything at the pleading stage. "At the pleading stage, a plaintiff adequately asserts First Amendment retaliation if the complaint alleges plausible circumstances connecting the defendant's retaliatory intent to the suppressive conduct." *Arizona Students' Ass'n*, 824 F.3d at 870. Ms. Weills alleged facts that indicate that her integral position on the litigation team in the case ending indefinite solitary confinement in California and her outspokenness were the substantial and motivating factor in the punishment she received.[2]

---

[2] Defendants cite *Hartman v. Moore*, 547 U.S. 250 (2006), to argue that retaliatory animus must be the "but-for" cause rather than substantial motivating factor for their actions. (MTD at 7:19-23.) *Hartman* is a malicious prosecution case, and the Court spends considerable time discussing the distinction of such a case as compared to traditional First Amendment cases. 547 U.S. at 260-61. For traditional First Amendment retaliation cases, "substantial or motivating factor" is the appropriate standard. *See Arizona Students' Ass'n*, 824 F.3d at 867; *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016); *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006); *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (retaliatory animus

---

Plaintiffs' complaint alleges that plaintiff Weills' participation as a plaintiffs' rights attorney was crucial in the *Ashker* case and that she was outspoken in her criticism of the practice. (Complaint at ¶¶ 17-18.) Plaintiffs allege that plaintiff Weills' lifetime ban was imposed while plaintiff Weills performed one of the most active roles to monitor CDCR's compliance with the settlement agreement in *Ashker*. (Complaint at ¶ 17.) Plaintiffs allege that defendants have failed to produce any evidence of the conduct in which they allege plaintiff Weills participated, which causes their justification to appear pretextual. (Complaint at ¶ 34.) Finally, plaintiffs allege that a lifetime ban is punishment more severe than other attorneys against whom similar accusations have been made, which smacks of retaliatory intent. (Complaint at ¶ 39.)

At the pleading stage, plaintiff Weills has done all that is required of her to advance her First Amendment retaliation claim. Defendants' motion as to plaintiff Weills' First Amendment claim must fail as plaintiff Weills' allegations are sufficient to state a claim for which relief can be granted.

**III.   It was Clearly Established well before 2017 that Plaintiffs' Rights to Access Courts Could not be Arbitrarily Denied and that Plaintiff Weills' had a First Amendment Right to be Free from Retaliation for Protected Activity.**

Defendant argues that they are entitled to qualified immunity because "the Inmate-Plaintiffs do not have any constitutional right to counsel in a civil matter, and Ms. Weills certainly has no constitutional right to represent any inmate." (MTD at 8:21-22.) Defendants' argument fails for two reasons.

First, "[q]ualified immunity is only an immunity from a suit for money damages,

---

must be a "substantial or motivating factor"). *See also* Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, 2017 Edition (Last Updated Apr. 2019), Instruction 9.11 "Particular Rights—First Amendment—'Citizen' Plaintiff". Nevertheless, plaintiff Weills' allegation that defendants furnished no evidence of extensive illegal communication with prisoners that violated the security of the prison and her allegation that she was punished more severely than any other attorney against whom similar allegations had been made entitles her at the pleading stage to an inference that retaliatory animus was the but-for cause as well as the substantial motivating factor for her lifetime ban.

and does not provide immunity from a suit seeking declaratory or injunctive relief." *Hydrick v. Hunter*, 669 F.3d 937, 939–40 (9th Cir. 2012). Therefore, defendants are not entitled to any consideration of qualified immunity for plaintiffs' claims for injunctive relief.

Second, defendants are not entitled to qualified immunity from a suit for damages at the pleading stage if plaintiffs' "allegations state a claim of violation of clearly established law," as plaintiffs' allegations do here. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiffs demonstrate in sections I.A. and I.B., above, that it is clearly established that prisoners are entitled to the assistance of counsel free from undue government intrusion, and that plaintiff Weills had a constitutional right to communicate with prisoners and practice her profession without undue interference. Defendants are therefore not entitled to qualified immunity from plaintiffs' claims for damages.

As early as 1977, it was clear that a state prisoner has a Fourteenth Amendment right to access the courts to litigate civil matters. *Bounds*, 430 U.S. at 821 (There is no doubt "that prisoners have a constitutional right of access to the courts."). As discussed in Section I.A., above, that right has been affirmed by the Supreme Court time and time again. Similarly, as of 1996, it was clearly established that any prison official who interferes with this right must have a legitimate penological purpose for doing so. *Lewis*, 518 U.S. at 361. Plaintiffs' allegations, as addressed in Section I.A. above, state a claim of violation of clearly established law.

Additionally, plaintiffs Weills' right to be free from arbitrary interference with her ability to communicate with and represent prisoners was clearly established by 1989. *Thornburgh*, 490 U.S. at 407; *Keker*, 398 F.Supp. at 760, 765. In Section I.B., above, plaintiff Weills identifies the sections of her complaint that demonstrate defendants violated this right. Therefore, plaintiff Weills states a claim of violation of clearly established law.

This is similarly true of Plaintiff Weills' First Amendment retaliation claim. The

right to be free from retaliation for engaging in protected activity has long been established. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972) ("[The government] may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech."]; *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) ("State action designed to retaliate against and chill political expression strikes at the heart of the First Amendment."). *See also Sturm v. Clark*, 835 F.2d 1009, 1015 (3d Cir. 1987) (finding that prison officials may not retaliate against attorneys for engaging in protected activity, including assisting prisoners with investigating civil rights concerns and with maintaining litigation against the prison.) In Section II of this Opposition, plaintiff Weills identifies the elements of a First Amendment retaliation claim and points to the portions of her complaint that adequately plead violations of the law. Therefore, plaintiffs state a claim of violation of clearly established law upon which relief may be granted.

Defendants are not entitled to qualified immunity.

### IV. Should the Court Determine that Plaintiffs do not Plead Sufficient Facts to State a Claim for Relief, Plaintiffs Should be Granted Leave to Amend their Complaint.

When a court dismisses a complaint for failure to state a claim, it should dismiss without prejudice to allow the plaintiffs an opportunity to cure any deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). Defendants predominantly air concern that plaintiffs cite the Sixth Amendment as the basis for their claims. Plaintiffs can cure any defect the Court may identify in that respect. In this matter, Plaintiffs can also plead additional facts to support their claims, and they request the opportunity to amend their complaint in the event that the Court determines that they do not plead sufficient facts to state claims for relief.

///
///
///
///

**CONCLUSION**

For the foregoing reasons, the Court should deny defendants' Motion to Dismiss.

Dated: September 5, 2019

          SIEGEL, YEE, BRUNNER & MEHTA

          By: _/s/ EmilyRose Johns_
              EmilyRose Johns

          Attorneys for Plaintiffs
          R.N. DEWBERRY, also known as
          SITAWA NANTAMBU JAMAA,
          DANNY TROXELL, GABRIEL REYES,
          PAUL A. REDD JR., SALVADOR
          PEREZ, ANTONIO GUILLEN,
          ARTURO CASTELLANOS,
          TODD ASHKER, LUIS ESQUIVEL and
          ANNE BUTTERFIELD WEILLS