XAVIER BECERRA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General
PREETI K. BAJWA
Acting Supervising Deputy Attorney
State Bar No. 232484
 1515 Clay St. 20th Floor
 Oakland, CA 94612
 Telephone:  (510) 879-0980
 Fax:  (510) 622-2270
 E-mail:  Preeti.Bajwa@doj.ca.gov
*Attorneys for Defendants*
*K. Allison, R. Diaz and S. Kernan*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **R.N. DEWBERRY, aka SITAWA NANTAMBU JAMAA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**RALPH DIAZ, Acting Secretary, et al.,**<br><br>Defendants. | 4:19-cv-01144 SBA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:  October 9, 2019<br>Time:  2:00 p.m.<br>Courtroom:  TBD<br>Judge:  The Honorable Saundra B. Armstrong<br>Trial Date:  n/a<br>Action Filed:  March 1, 2019 |

I.   **PLAINTIFFS CONCEDE THERE IS NO SIXTH AMENDMENT CLAIM.**

At the outset, albeit by footnote, Plaintiffs concede they erred in claiming a Sixth Amendment constitutional violation.  (Pls.' Opp. ECF No. 28 at 7, fn 1.)  Remarkably, Plaintiffs provide no authority supporting a position that the Sixth Amendment applies in the context of a civil lawsuit.  Plaintiffs, who are suing under section 1983, have no Sixth Amendment claim.  Accordingly, Defendants' motion to dismiss the Sixth and Fourteenth Amendment claims should be granted because the Sixth Amendment provides *no* constitutional claim entitling any plaintiff to relief.

## II. PLAINTIFFS CANNOT ALLEGE A RIGHT TO ACCESS OF COURTS' CLAIM.

### A. Defendants Had a Legitimate Penalogical Justification to Restrict Plaintiff Weills Access to Inmates Because She Violated Penal Code §§ 4570, 4576 and California Code of Regulations Title 15, § 3178(s)(3).

To salvage their claim, Plaintiffs attempt to change their claim to a First Amendment "right to access courts" claim. (Pls.' Opp., ECF No. 28 at 8-9.) But any "right to access courts" claim also fails and should be dismissed without leave to amend.

Courts have recognized that inmates have a constitutional right to access courts. *Lewis v. Casey,* 518 U.S. 343, 346 (1996). But, the prison is entitled to impose restrictions on this right and any imposition must be "reasonably related to legitimate penological interests." *Id.* at 361. The Supreme Court in *Thornburgh v. Abbott* explained that in determining "reasonableness," broad discretion is provided to the prison officials. *Thornburgh v. Abbott,* 490 U.S. 401, 407-408 (1989) *overruling Procunier v. Martinez* 416 U.S. 396. "In particular, we have been sensitive to the delicate balance that prison administrators must strike between the order and security of the internal prison environment and the legitimate demands of those on the "outside" who seek to enter that environment, in person or through the written word." *Id.* The Court also recognized that while some interactions may seem "innocuous" to laymen, they can have "potentially significant implications for the order and security of the prison." *Id.* In "[a]cknowledging the expertise of these officials and that the judiciary is "ill equipped" to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world. *Id.* at 408[1].

Plaintiffs' complaint clearly demonstrates Defendants had a legitimate penalogical justification to enact the lifetime ban on Plaintiff Weills. The complaint admits that Weills was advised that an investigation had been conducted where it was determined she had "engaged in unlawful communication(s) with CDCR inmate(s) that violated the security of the CDCR

---

[1] Plaintiffs cite to *County of Nevada v. Superior Court* as an example of a case where the court addressed a restriction on attorney visits. Although this is a California case, it like *Lewis* and *Thornburgh* makes clear that in both the federal and state court level, prisons have wide discretion to enact restrictions if there is a legitimate penal justification *County of Nevada v. Superior Court,* 236 Cal. App. 4th 1001, 1011 (2015).

1  facility" in violation of California Code of Regulations Title 15, § 3178(s)(3), and potential

2  violations of Penal Code §§ 4570 (communication with prisoner without the permission of officer

3  in charge) and 4576 (providing a cellular telephone to a prisoner). (Pls.' Compl., ECF No. 1 at 5,

4  78-9.) Accordingly, Defendants enacted the lifetime exclusionary ban as allowed under

5  California Code of Regulations, Title 15, § 3178(s)(3). Cal. Code. Regs., Title 15, § 3178(s)(3).

6  It is clear that the restriction on Weills was based on her breaking the law and engaging in

7  unlawful communications with inmates. Accordingly, CDCR had a legitimate penological reason

8  for enacting the ban on Weills. (*Thornburgh v. Abott,* 490 U.S. at 407-408.)

**B.  Inmate-Plaintiffs Had Ample Access to Courts Even After the Ban on Plaintiff Weills Was Enacted.**

11  As a jurisdictional requirement flowing from the standing doctrine, in order to allege a

12  "right to access courts" claim, the inmate must also allege an actual injury. *See Lewis,* 518 U.S.

13  at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as

14  the inability to meet a filing deadline or present a non-frivolous claim. *Id.*; *see also Phillips v.*

15  *Hust,* 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance,

16  even if they result in prejudice, are "not of constitutional significance" if the delay is reasonably

17  related to legitimate penological purposes. *Lewis,* 518 U.S. at 362.

18  Here, none of the Plaintiffs provide any evidence of injury. To the contrary, a review of the

19  *Ashker* court docket indicates that from March 2017 through August 2019, the Inmate-Plaintiffs

20  were represented by ten (10) attorneys, including the attorneys, EmilyRose Johns and Dan Siegel,

21  who filed this lawsuit and the opposition to Defendants' motion to dismiss.[2] (Defs. Mot. Dism.,

22  Req. Jud. Not. Ex. A. *Ashker, et al. v. Newsom*, et al., No. 4:09-cv-05769 CW (N.D. Cal.), Docket

23  Report.) The Docket Report in *Ashker* also shows that from March 2017 through August 2019,

24  Plaintiffs filed approximately 121 motions, including a motion to compel discovery, oppositions

25  to Defendants' motions, including oppositions to Defendants' requests for extensions of time,

26  replies, and a cross-appeal. (*Id.*) In addition, Plaintiffs attended several hearings before

---

27  [2] In reviewing a motion to dismiss, the court may consider evidence outside the pleadings; *Friends of the Wild Swan, Inc. v. United States Forest Service* (D OR 1995) 910

28  F.Supp. 1500, 1504.

Magistrate Judge Robert Illman and ordered transcripts of those proceedings. (*Id.*) Nothing in this record indicates a lack of access to courts. On this basis, any amendment alleging a "right to access" claim must fail. Because Plaintiffs cannot cure this deficiency, leave to amend should be denied. Leave to amend should be denied only if the court determines that "allegation[s] of other facts consistent with the challenged pleading *could not possibly cure the deficiency.*" *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.* (9th Cir. 1986) 806 F2d 1393, 1401 (emphasis added); *see Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc*. (9th Cir. 2004) 368 F3d 1053, 1061 (court need not expressly state granting leave to amend would be futile if this reasoning is *apparent* from the record.)

### III. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity must be pled "early in the proceedings" to avoid costs and expenses when the defense is dispositive of the case. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Qualified immunity applies if the government officials' conduct does not violate "clear established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As pled, Plaintiffs allege a Sixth and Fourteenth Amendment right to counsel and a First Amendment retaliation claim. (Pls.' Compl. ECF No. 1 at 10-11.) But, Inmate-Plaintiffs do not have any constitutional right to counsel in a civil matter, and in fact, Plaintiffs concede there is no viable Sixth Amendment claim. (Pls. Opp. ECF No. 28 at 7, fn 1.) Because there is no Sixth or Fourteenth Amendment violation, Allison, Kernan, and Diaz are entitled to qualified immunity for this claim.

Defendants are also entitled to qualified immunity on Weills's First Amendment retaliation claim because, under the facts known to them, Weills had violated Title 15,§ 3178(s)(3) and Penal Code §§ 4570 and 4576. Under these facts, reasonable officials could believe—and in all likelihood would believe—that enforcing the consequences delineated in Title 15 for Weills's conduct would be lawful and would not violate the Constitution.

### CONCLUSION

Defendants Diaz, Kernan and Allison are entitled to dismissal. There is no viable claim under the Sixth and Fourteenth Amendments because the Inmate-Plaintiffs are not entitled to

counsel in a civil case, and Weills has no Sixth or Fourteenth Amendment right to represent persons in a civil case. Weills's First Amendment claim also fails because the complaint evidences a non-retaliatory motive for imposing the ban on Weills, specifically her violations of Title 15 and the Penal Code. While Plaintiffs attempt to change their claim to one of right to access courts, the docket in *Ashker* demonstrates that the Inmate-Plaintiffs have continued to file motions and to actively litigate that case through their counsel of record, which is currently comprised of 10 attorneys.

Because there is no Sixth or Fourteenth Amendment violation, Allison, Kernan, and Diaz are entitled to qualified immunity against these claims. And because, under the facts known to them, Weills was violating Title 15 and the Penal Code, Defendants could reasonably have believed that imposing a sanction delineated in Title 15 for Weills's conduct was lawful and did not violate the Constitution. Accordingly, they are entitled to qualified immunity against this claim.

For these reasons, Defendants respectfully request that the Court grant their motion to dismiss

Dated: September 16, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General


*/s/ Preeti K. Bajwa*
PREETI K. BAJWA
Acting Supervising Deputy Attorney
*Attorneys for Defendants Allison, Diaz, and Kernan*

**Attestation Under Judge Armstrong's Standing Order-Civil**

I, Preeti K. Bajwa, attest and declare as follows:

In accordance with Judge Armstrong's Standing Order – Civil, prior to filing this reply in support of Defendants' motion to dismiss, the parties met and conferred by electronic communication on September 6, 2019, September 9, 2019, September 10, 2019, and September 12, 2019.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Signed on September 16, 2019 in San Francisco, California.

> */s/ Preeti K. Bajwa*
> Preeti K. Bajwa

SF2019200579
21630813.docx

# CERTIFICATE OF SERVICE

Case Name:   *Dewberry, R.N., et al. v. Ralph Diaz, et al.*

Case No.    **4:19-cv-01144 SBA**

I hereby certify that on <u>September 16, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>September 16, 2019</u>, at San Francisco, California.

|  |  |
|---|---|
| G. Pang | */s/ G. Pang* |
| Declarant | Signature |

SF2019200579/21630993.docx