DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiffs
R.N. DEWBERRY, also known as
SITAWA NANTAMBU JAMAA,
DANNY TROXELL, GABRIEL REYES,
PAUL A. REDD JR., SALVADOR PEREZ,
ANTONIO GUILLEN, ARTURO
CASTELLANOS, TODD ASHKER, LUIS
ESQUIVEL, and ANNE BUTTERFIELD WEILLS

XAVIER BECERRA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General
PREETI K. BAJWA
Deputy Attorney General
State Bar No. 232484
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0980
 Fax:  (510) 622-2270
 E-mail:  Preeti.Bajwa@doj.ca.gov
*Attorneys for Defendants
K. Allison, R. Diaz and S. Kernan*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **R.N. DEWBERRY, aka SITAWA NANTAMBU JAMAA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**RALPH DIAZ, Acting Secretary, et al.,**<br><br>Defendants. | 4:19-cv-01144 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 16, 2019<br>Time: 2:45 p.m.<br>Courtroom: via telephone<br>Judge: The Honorable Saundra B. Armstrong<br>Trial Date: N/A<br>Action Filed: March 1, 2019 |

1

Pursuant to Civil Local Rule 16-9, the Court's Standing Order, and the Court's Order of August 12, 2019, the parties respectfully submit the following Joint Case Management Statement.

## I.   JURISDICTION AND SERVICE

The basis for subject matter jurisdiction in this case is federal-question jurisdiction under 28 U.S.C. § 1331, as Plaintiffs R.N. Dewberry, also known as Sitawa Nantambu Jamaa, Danny Othel Troxell, Gabriel Ralph Reyes, Paul Redd, Jr., Salvador Perez, Arturo Castellanos, Todd Lewis Ashker, Luis Esquivel, Antonio Guillen, and Anne Butterfield Weills allege claims arising under 42 U.S.C. § 1983.  No state-law claims are alleged in the complaint.  The parties agree that there are no issues regarding personal jurisdiction or venue.  No parties remain to be served.

## II.   FACTS

### A.   Plaintiffs' Statement

Plaintiff Anne Butterfield Weills is a prisoner rights attorney and counsel of record in *Ashker v. Newsom*, No. 4:09-cv-05796 CW. She is subject to a lifetime ban from all CDCR institutions and from all confidential communication with prisoners in CDCR custody ("lifetime ban"), which includes her clients in *Ashker*. Plaintiffs R.N. Dewberry, also known as Sitawa Nantambu Jamaa, Danny Troxell, Gabriel Reyes, Paul A. Redd Jr., Salvador Perez, Antonio Guillen, Arturo Castellanos, Todd Ashker, and Luis Esquivel are her clients and the ban has foreclosed their ability to maintain a relationship with Ms. Weills and pursue civil litigation based on their conditions of confinement. The lifetime ban is a punishment that is disproportionate to the accusations against Ms. Weills, and constitutes retaliation against her for the exercise of her Free Speech rights to publicly advocate on behalf of her clients and against CDCR's policies regarding subjecting prisoners to solitary confinement. She was also singled out for this severe punishment. Further, the lifetime ban significantly interferes with her ability to practice her chosen profession. Defendants Kernan and Allison made the decision to impose and uphold the lifetime ban, and defendant Diaz continues to uphold the unconstitutional ban.

### B.   Defendants' Statement

Plaintiffs allege that Defendants violated their federal civil rights to legal counsel by banning Plaintiff Weills, counsel for Plaintiffs in the *Ashker* matter, from all CDCR institutions,

1    confidential phone calls, and legal mail because Defendants concluded she had "illegal cell phone
2    communications" with inmates.  Specifically, on July 5, 2017, CDCR informed Weills that based
3    on an investigation, CDCR determined that Weills had engaged in unlawful communication(s)
4    with CDCR inmate(s) that violated the security of the CDCR facility.

5    On March 3, 2017, CDCR advised Weills that she was temporarily banned from all CDCR
6    institutions, including confidential phone calls and confidential legal mail, pending CDCR's
7    investigation into potential violations of California Code of Regulations (CCR), Title 15, section
8    3178(s)(3.)

9    On July 5, 2017, defendant Allison advised Weills in writing that the investigation had been
10   completed, and it was determined that Weills had engaged in unlawful communication(s) with
11   CDCR inmate(s) that violated the security of the CDCR facility.  Based on the severity of Weills'
12   conduct, CDCR issued a lifetime exclusion from CDCR institutions, and no confidential-
13   communications privileges.  CDCR informed Weills about the appeal process for challenging the
14   decision.

15   On July 26, 2017, Weills and her counsel met with defendant Allison, who informed Weills
16   that her conduct also potentially violated Penal Code sections 4570 (communication with prisoner
17   without the permission of officer in charge) and 4576 (providing a cellular telephone to a
18   prisoner).

19   On August 23, 2017, defendant Allison advised Weills that CDCR had concluded that she
20   had numerous and extensive illegal cell phone communications with inmate(s), jeopardizing the
21   security of CDCR institutions and that the lifetime ban imposed on July 5, 2017, would be upheld.

**III.   LEGAL AND FACTUAL ISSUES IN DISPUTE**

23   1)   Whether defendants' conduct violates plaintiff Anne Butterfield Weills'
24        constitutional right to confidential communication with her clients and
25        representation of her clients.
26   2)   Whether defendants' conduct violate the rights of plaintiffs R.N. Dewberry, also
27        known as Sitawa Nantambu Jamaa, Danny Troxell, Gabriel Reyes, Paul A. Redd
28        Jr., Salvador Perez, Antonio Guillen, Arturo Castellanos, Todd Ashker, and Luis

        Esquivel to be free from unjust interference with their access to courts and ability to redress grievances with the assistance of their chosen counsel.

3)      Whether the Plaintiffs hold a Sixth and Fourteenth Amendment right as it pertains to civil cases.

4)      Whether Defendants enacted the lifetime exclusionary ban against Plaintiff Weills for retaliatory reasons.

## IV.  MOTIONS

Defendants filed their Motion to Dismiss on July 19, 2019. The motion is fully briefed and, on October 3, 2019, the Court ordered that it would decide the matter without oral argument. No further motions are pending at this time.

## V.  AMENDMENT OF PLEADINGS

At this time, neither Plaintiffs nor Defendants intend to add or dismiss any parties, claims, or defenses.

## VI.  EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this action.

## VII.  DISCLOSURES

Parties will make their initial disclosures as required under Fed. R. Civ. P. 26(a) thirty (30) days after the Court issues an order on Defendants' motion to dismiss.

## VIII.  DISCOVERY

To date, no discovery has taken place. The parties anticipate propounding written discovery (including interrogatories, requests for admission and document production requests), and conducting depositions.

## IX.  CLASS ACTIONS

Not applicable.

**X.    RELATED CASES**

Plaintiffs moved to relate this case to *Ashker v. Newsom,* No. 4:09-cv-05796 CW which was denied.  Defendants would object to any further attempts to relate this matter.

**XI.   RELIEF**

    **A.    Plaintiffs' Statement**

Plaintiffs seek injunctive and monetary relief, including the rescission of plaintiff Weills' lifetime ban, as well as attorneys' fees and costs.

    **B.    Defendants' Statement**

Defendants seek dismissal of this matter and an order that Plaintiffs take nothing, as well as an order granting Defendants' fees and costs incurred in defending this action.

**XII.  SETTLEMENT AND ADR**

The parties have not engaged in any settlement or ADR efforts, nor do the parties believe settlement is appropriate at this juncture.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**XIV. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.   NARROWING OF ISSUES**

The parties may narrow the issues after the Court issues a ruling on Defendants' motion to dismiss.

**XVI.  EXPEDITED TRIAL PROCEDURE**

This case is not suitable for the Expedited Trial Procedure.

**XVII. SCHEDULING**

The parties request scheduling be deferred until a date thirty (30) days after the Court has issued a ruling on Defendants' motion to dismiss.

## XVIII. TRIAL

Plaintiffs request a jury trial, and expect the length to be 7 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs will file a "Certificate of Interested Entities or Persons" required by Civil Local Rule 3-15. Under Civil Local Rule 3-15, Plaintiffs state they know of no such interest other than the named parties to the action.

## XX. PROFESSIONAL CONDUCT

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 8, 2019                     Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General


*/s/ Preeti K. Bajwa*
PREETI K. BAJWA
Deputy Attorney General
*Attorneys for Defendants Allison, Diaz, and Kernan*

Dated: October 8, 2019

SIEGEL, YEE, BRUNNER & MEHTA


*/s/ EmilyRose Johns*
EmilyRose Johns

Attorneys for Plaintiffs
R.N. DEWBERRY, also known as
SITAWA NANTAMBU JAMAA,
DANNY TROXELL, GABRIEL REYES,
PAUL A. REDD JR., SALVADOR PEREZ,
ANTONIO GUILLEN,
ARTURO CASTELLANOS,
TODD ASHKER, LUIS ESQUIVEL and
ANNE BUTTERFIELD WEILLS

SF2019200579/91130016.docx