1   XAVIER BECERRA
    Attorney General of California
2   DAMON MCCLAIN
    Supervising Deputy Attorney General
3   PREETI K. BAJWA
    Deputy Attorney General
4   State Bar No. 232484
     1515 Clay St., 20th Floor
5    Oakland, CA 94612
     Telephone: (510) 879-0980
6    Fax: (510) 622-2270
     E-mail: Preeti.Bajwa@doj.ca.gov
7   Attorneys for Defendants
    R. Diaz, K. Allison, and S. Kernan

DAN SIEGEL
State Bar No. 56400
EMILYROSE JOHNS
State Bar No. 294319
Siegel, Yee, Brunner & Mehta
475 14th St., Ste. 500
Oakland, CA 94612
 Telephone: (510) 839-1200
 Fax: (510) 444-6698
 E-mail: emilyrose@siegelyee.com
Attorney for Plaintiff Anne Weills

8

9                    IN THE UNITED STATES DISTRICT COURT

10                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                              OAKLAND DIVISION

12

13
     R.N. DEWBERRY, aka SITAWA              4:19-cv-01144 SBA
14   NANTAMBU JAMAA, et al.,
                                           JOINT CASE MANAGEMENT
15                          Plaintiffs,    STATEMENT

16              v.                         Date:        December 18, 2019
                                           Time:        2:45 pm
17                                         Courtroom:    TBD
     RALPH DIAZ, Secretary, et al.,        Judge:       The Honorable Saundra B.
18                                                       Armstrong
                            Defendants.    Trial Date:  None yet
19                                         Action Filed: March 1, 2019

20          Defendants R. Diaz, K. Allison, and S. Kernan, joined by Plaintiff Anne Butterfield Weills,

21   file this Joint Case Management Statement in compliance with Civil Local Rule 16-9.

22   I.     JURISDICTION AND SERVICE

23          The basis for subject matter jurisdiction in this case is federal-question jurisdiction under 28

24   U.S.C. § 1331, as Plaintiff Weills alleges a retaliation claim arising under 42 U.S.C. § 1983. No

25   state-law claims are alleged in the complaint. The parties agree that there are no issues regarding

26   personal jurisdiction or venue. No parties remain to be served.

27   / / /

28   / / /

1    **II.    FACTS**

2           **A.    Plaintiff's Position**

3                Plaintiff Anne Butterfield Weills is a prisoners rights attorney and counsel of record in

4    *Ashker v. Newsom*, No. 4:09-cv-05796 CW. She is subject to a lifetime ban from all CDCR

5    institutions and from all confidential communication with prisoners in CDCR custody ("lifetime

6    ban"), which includes her clients in *Ashker*. CDCR issued the ban after accusing Ms. Weills of

7    communicating with clients using an unmonitored cell phone. The lifetime ban is a punishment

8    that is disproportionate to the accusations against Ms. Weills, and constitutes retaliation against

9    her for the exercise of her free speech rights to publicly advocate on behalf of her clients and

10   against CDCR's policies regarding subjecting prisoners to solitary confinement. She was also

11   singled out for this severe punishment. Defendants Kernan and Allison made the decision to

12   impose and uphold the lifetime ban, and defendant Diaz continues to uphold the unconstitutional

13   ban.

14          **B.    Defendants' Position**

15               Plaintiff Weills, counsel for Plaintiffs in the *Ashker* matter, alleges that Defendants violated

16   her federal civil rights by banning her from all CDCR institutions confidential phone calls, and

17   legal mail because Defendants concluded she had "illegal cell phone communications" with

18   inmates.  Specifically, on July 5, 2017, CDCR informed Weills that based on an investigation,

19   CDCR determined that Weills had engaged in unlawful communication(s) with CDCR inmate(s)

20   that violated the security of the CDCR facility.

21               In early 2017, CDCR discovered overwhelming evidence that Weills had intentionally

22   engaged in numerous illegal cell-phone communications with an inmate.  Accordingly, on March

23   3, 2017, CDCR advised Weills that she was temporarily banned from all CDCR institutions,

24   including confidential phone calls and confidential legal mail, pending CDCR's investigation into

25   potential violations of California Code of Regulations (CCR), Title 15, section 3178(s)(3.)

26               On July 5, 2017, defendant Allison advised Weills in writing that the investigation had been

27   completed, and it was determined that Weills had engaged in unlawful communication(s) with

28   CDCR inmate(s) that violated the security of the CDCR facility.  Based on the severity of Weills'

conduct, CDCR issued a lifetime exclusion from CDCR institutions, and no confidential-communications privileges.  CDCR informed Weills about the appeal process for challenging the decision.

On August 23, 2017, defendant Allison advised Weills that CDCR had concluded that she had numerous and extensive illegal cell phone communications with inmate(s), jeopardizing the security of CDCR institutions and that the lifetime ban imposed on July 5, 2017, would be upheld.

## III.   LEGAL ISSUES

1)      Whether Defendants enacted the lifetime exclusionary ban against Plaintiff Weills for retaliatory reasons.

3)      Whether Defendants are entitled to qualified immunity.

## IV.   MOTIONS

On November 20, 2019, this Court ruled on Defendants' motion to dismiss, granting the motion in part and dismissing claims 1 and 2 from the operative complaint.  The only remaining claim is a retaliation claim by Plaintiff Weills.  There are no pending motions before the Court.

## V.   AMENDED PLEADINGS

Defendants oppose leave to add new claims or defendants.

## VI.   EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this action.

## VII.   DISCLOSURES

Parties will make their initial disclosures as required under Fed. R. Civ. P. 26(a) by December 20, 2019.

///

///

///

**VIII. DISCOVERY**

The parties have meet and conferred about propounding written discovery (including interrogatories, requests for admission and document production requests), and conducting depositions.

**IX.   CLASS ACTIONS**

Not applicable.

**X.    RELATED CASES**

Plaintiffs moved to relate this case to *Ashker v. Newsom,* No. 4:09-cv-05796 CW which was denied.  Defendants would object to any further attempts to relate this matter.

**XI.   RELIEF**

    **A.    Plaintiff's Statement**

Plaintiffs seek injunctive and monetary relief, including the rescission of Plaintiff Weills' lifetime ban, as well as attorneys' fees and costs.

    **B.    Defendants' Statement**

Defendants seek dismissal of this matter and an order that Plaintiff Weills takes nothing, as well as an order granting Defendants' fees and costs incurred in defending this action.

**XII.  SETTLEMENT AND ADR**

The parties have not engaged in any settlement or ADR efforts, nor do the parties believe settlement is appropriate at this juncture.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**XIV. OTHER REFERENCES**

This action is not suitable for arbitration, a special master, or multidistrict litigation.

**XV.  NARROWING OF ISSUES**

That parties have not identified issues that can be narrowed through agreement.  The parties will consult on the potential for narrowing issues as opportunities to do so arise.

///

4

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not regard this case as a good candidate for expedited trial procedures.

## XVII. SCHEDULING

The parties propose the following discovery plan in this matter:

- The parties will have until December 20, 2019, to exchange initial disclosures;
- At the end of the initial disclosure period, the parties request 180 days to conduct fact-based discovery including all remaining non-expert depositions, written discovery, discovery motions, and third-party discovery;
- The fact discovery cut-off will coincide with the close of non-expert discovery;
- Any expert designations and reports are due on the first court day after the close of fact discovery;
- The parties will have 90 days to conduct expert discovery;
- The discovery cut-off will coincide with the close of expert discovery;
- A summary judgment deadline, pretrial conference, and trial date will be set at a later time on the basis of the Court's schedule.

## XVIII. TRIAL

The parties seek a jury trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES

Under Civil Local Rule 3-15, the parties know of no such interest other than the named parties to the action.

## XX. PROFESSIONAL CONDUCT

Counsel for each party has reviewed the Northern District's Guidelines for Professional Conduct.

## XXI. OTHER ISSUES

The parties are unaware of other issues this matter that require the Court's attention at this time.

1    Dated:  December 9, 2019                    Respectfully submitted,

2                                               XAVIER BECERRA
                                                Attorney General of California
3                                               DAMON MCCLAIN
                                                Supervising Deputy Attorney General
4

5                                               /s/Preeti Bajwa

6                                               PREETI K. BAJWA
7                                               Deputy Attorney General
                                                *Attorneys for Defendants Diaz, Allison, and*
8                                               *Kernan*

9

10
     Dated:  December 9, 2019                    SIEGEL, YEE, BRUNNER & MEHTA
11

12                                              /s/ EmilyRose Johns
13
                                                EMILYROSE JOHNS
14                                              *Attorneys for Plaintiff* Weills

15

16

17

18   SF2019200579
     14293667
19

20

21

22

23

24

25

26

27

28